UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dakota Kalob Medicine,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Pine County Sheriff's Office; Simcha Gavzy; Brandon Sell; Blake Richert; and James R. Reiser,<br><br>　　　　　　Defendants. | Case No. 22-cv-2953 (NEB/LIB)<br><br>ORDER AND<br>REPORT AND RECOMMENDATION |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with 28 U.S.C. § 636 upon Plaintiff's Application to proceed in forma pauperis ("IFP Application"). [Docket No. 2].

This matter was previously before the Court for preliminary review pursuant to 28 U.S.C. § 1915A(a). Upon that review, this Court directed Plaintiff to file an amended complaint after warning him that his Complaint appeared to include unrelated claims for relief contrary to Rule 20(a)(2) of the Federal Rules of Civil Procedure. (Order [Docket No. 6]). The Court forewarned Plaintiff that failure to respond could result in the Court severing claims on its own pursuant to Rule 21 of the Federal Rules of Civil Procedure. (Id.). Plaintiff did not respond, and his mail was returned as "released from custody/no longer at facility."

Plaintiff's original Complaint, [Docket No. 1], and IFP application, [Docket No. 2], are now again before the Court for review pursuant to 28 U.S.C. § 1915A(a). Upon that review and for the reasons outlined below, this Court grants Plaintiff's IFP application, but the Court recommends that Plaintiff's claims against the Pine County Sheriff's Department and James R. Reiser be dismissed for failure to state a claim as a matter of law. 28 U.S.C. § 1915A(b)(1).

## BACKGROUND

On December 13, 2020, Plaintiff claims that he sustained significant mental and physical injuries after Pine County Sheriff's Deputy Simcha Gavzy hit Plaintiff's vehicle with his squad car, which caused Plaintiff's vehicle to then collide with another squad car. (Compl. [Docket No. 1] at 5). As the Court understands it, Plaintiff was charged with several crimes stemming from this encounter with law enforcement, including, but not limited to, first degree drug possession in violation of Minn. Stat. § 152.021 subd. 2(a)(1); fleeing the police in a motor vehicle in violation of Minn. Stat. § 609.487 subd. 3; and two counts of second-degree assault in violation of Minn. Stat. § 609.222 subd. 1. State of Minnesota v. Dakota Kalob Medicine, 58-CR-20-1080 (Minn. Dt. Ct.) (Index #1) (MCRO) (last accessed Apr. 13, 2023).[1]

Plaintiff now alleges in this case that during a contested evidentiary hearing related to those charges Pine County Sheriff's Deputy Brandon Sell testified that EMS staff located a suspected baggie containing a controlled substance on Plaintiff's person, but the affidavit he signed to obtain a warrant says that other deputies located this plastic baggie. (Compl. [Docket No. 1] at 7). Further, Plaintiff contends that Pine County Sheriff's Deputy Richert lied under oath at the same hearing about the circumstances surrounding how his car struck Deputy Richert's squad car. (Id. at 8). Finally, Plaintiff alleges that James Reiser, a corrections officer, violated his rights under the Health Insurance Portability and Accountability Act (HIPAA) by reading a kite containing his medical information without authorization and making inappropriate comments that he was "pill seeking." (Id. at 9).

---

[1] The court may take judicial notice of judicial opinions and public records. See Stutzka v. McCarville, 420 F.3d 757, 760 n.2 (8th Cir. 2005).

### A. IFP Application

As a threshold matter, the Court first addresses Plaintiff's IFP application. [Docket No. 2]. Because Medicine was a prisoner within the meaning of 28 U.S.C. § 1915(h) when he filed this action,[2] his IFP application is subject to the requirements of 28 U.S.C. § 1915(b).

According to this statute—which is part of the Prison Litigation Reform Act of 1995 ("PLRA") — prisoners who are granted IFP status are *not* excused from paying the court filing fee altogether, as is the case for non-prisoner IFP litigants. Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time."). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

Here, in support of his IFP application, Plaintiff submitted a copy of his inmate trust account for the six months preceding the filing of the action. [Docket No. 5]. According to this information, Plaintiff had an account balance of $0.00 as of November 22, 2022, the date he filed

---

[2] At the time he filed this action, Plaintiff was in custody at the Pine County Jail. (Compl. [Docket No. 1] at 2). Since that time, publicly accessible state court records show that he has been released and there is an active warrant for his arrest. See State of Minnesota v. Dakota Kalob Medicine, 58-CR-20-1080 (Minn. Dt. Ct.) (Index #101) (MCRO) (last accessed Apr. 13, 2023). The Eighth Circuit has not squarely addressed whether a plaintiff who was a prisoner within the meaning of 28 U.S.C. § 1915(h) when the action was filed remains subject to the filing fee requirements of 28 U.S.C. § 1915(b)(1) after his release. In In re Tyler, 110 F.3d 528 (8th Cir. 1997), however, the Eighth Circuit held that a prisoner is not relieved of paying the full filing fee even if his case is dismissed "because the [Prison Litigation Reform Act ("PLRA")] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action[.]". Id. at 529–30. At least one court in this District has concluded that this reasoning "is consistent with the conclusion that a complainant who filed an action when he was a prisoner remains liable for the filing fee if he is subsequently released from custody." Domino v. Garland, Case No. 20-cv-2583 (ECT/BRT), 2021 WL 1221188, at *1 n.3 (D. Minn. Apr. 1, 2021). This Court finds this reasoning persuasive, especially in a situation such as this where Plaintiff remains out of custody only because he has so far evaded arrest on the state court's warrant. Accordingly, this Court concludes that Plaintiff remains subject to the filing fee requirements of 28 U.S.C. § 1915(b)(1).

this action, and it appears that he owed money to the jail's medical department. [Docket No. 5]. Based on this information, therefore, the Court finds that Plaintiff has no means and no assets. Accordingly, Plaintiff is allowed to proceed with this action without first paying an initial partial filing fee. 28 U.S.C. § 1915(b)(4). To be clear, however, Plaintiff is not excused from paying the full filing fee of $350.00.[3] Consistent 28 U.S.C. § 1915(b)(2), Plaintiff is required to pay the full filing fee in installments through regular deductions from his prisoner's trust account.

### B. Preservice Review

Turning now to Plaintiff's Complaint, pursuant to 28 U.S.C. § 1915A, the Court must dismiss a prisoner's complaint, or any portion of the complaint, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court must accept as true all the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Gorog v. Best Buy Co., 760 F.3d 787, 792 (8th Cir. 2014). The factual allegations need not be detailed, but they must be sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Further, the complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Although pro se complaints, such as this one, are entitled to a liberal construction,

---

[3] The statutory filing fee for new actions commenced in a federal district court is $350.00. 28 U.S.C. § 1914(a). On December 1, 2020, the district courts began to assess an additional $52.00 administrative fee, raising the total fee to $402.00. The PLRA, however, applies only to the statutory filing fee. Thus, Plaintiff will be required to pay the unpaid balance of the $350.00 statutory filing fee — not the $402.00 total fee — in installments pursuant to § 1915(b)(2).

Erickson v. Pardus, 551 U.S. 89, 94 (2007), they must nevertheless contain specific facts in support of the claims it advances. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

Here, Plaintiff has failed to establish a plausible cause of action against the Pine County Sheriff's Department and James R. Resier.

Regarding the Pine County Sheriff's Department, 42 U.S.C. § 1983 authorizes plaintiffs to sue a "person" for a violation of the plaintiff's constitutional rights. Waters v. Madson, 921 F.3d 725, 734 (8th Cir. 2019). However, a "sheriff's department"—such as the Pine County Sheriff's Department—is not considered a "person" for the purposes of § 1983 liability. De La Garza v. Kandiyohi County Jail, 18 F. App'x 436, 437 (8th Cir. 2001) (citing In re Scott County Master Docket, 672 F. Supp. 1152, 1163 n.1 (D. Minn. 1987)). A sheriff's department, therefore, is not a legal entity amenable to suit under § 1983. Plaintiff, moreover, articulates no other cause of action against the Pine County Sheriff's Department outside of § 1983, and this Court finds none. Therefore, this Court recommends that Plaintiff's claims against the Pine County Sheriff's Department be dismissed.

Similarly, the Court recommends that Plaintiff's claims against James R. Reiser be dismissed, but for an entirely separate reason. Plaintiff claims that when he was detained at the Pine County jail, he put in a "kite to 'mental health,'" requesting to speak to mental health "asap." (Compl. [Docket No. 1] at 9). According to Plaintiff, he overheard Defendant Reiser react to this kite by telling a third-party that he was "only pill seeking." Id. Medicine claims that Defendant Reiser violated his rights under the Health Insurance Portability and Accountability Act (HIPAA) by reading his kite. Id.

In Adams v. Eureka Fire Protection Dist., 352 F. App'x 137 (8th Cir. 2009) (per curiam), the Eighth Circuit held that purported HIPAA violations "cannot be privately enforced either via

5

§ 1983 or through an implied right of action." Id. at 139. This means that alleged HIPAA violations do not implicate a constitutional right and therefore may not be brought under 42 U.S.C. § 1983. This also means that HIPAA itself provides no remedy to those aggrieved by its provisions. Plaintiff's claims against Defendant Reiser for allegedly violating HIPAA should therefore be dismissed.[4]

Finally, Plaintiff's claim that he is "having issues now getting [his] meds," (Compl. [Docket No. 1] at 9), is simply insufficient to establish a claim under § 1983. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." Mayorga v. Missouri, 442 F.3d 1128, 1132 (8th Cir. 2006). Put differently, to state a plausible § 1983 claim, Plaintiff must establish how each individual defendant allegedly violated his constitutional rights. See Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (citing Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (stating that prisoner must allege defendants' personal involvement or responsibility for the constitutional violations to state a § 1983 claim)). Here, Plaintiff does not even identify who is responsible for dispensing his medication, nor does he describe what problems he experienced in obtaining that medication. Accordingly, this claim, too, should fail.

---

[4] Even if this Court did not recommend dismissing Plaintiff's claims against Defendant Reiser for failure to state a plausible claim as a matter of law, the Court would nevertheless recommend severing those claims pursuant to Rule 21 of the Federal Rules of Civil Procedure on the grounds that it is improperly joined in this lawsuit. As Plaintiff was previously forewarned, see (Order [Docket No. 6]), Rule 20(a)(2) of the Federal Rules of Civil Procedure reflects the premise that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits . . . ." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff's claims against Defendant Reiser relate to alleged HIPAA violations when he was in custody at the Pine County Jail. These allegations are wholly unrelated to his claims against Defendants Simcha Gavzy, Brandon Sell, and Blake Richert, which stem from his arrest on state criminal charges and the state's subsequent prosecution of those charges. These two sets of claims, therefore, belong in two separate actions and it would be recommended that they be severed under Rule 21. Fed. R. Civ. P. 21.

## RECOMMENDATION

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED**:

1. The claims against Defendant Pine County Sheriff's Office be **DISMISSED without prejudice** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1);

2. The claims against Defendant James R. Reiser for violating HIPAA in his individual and official capacity be **DISMISSED without prejudice** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1); and

3. Defendants Pine County Sheriff's Office and James R. Reiser be terminated from this action.

## ORDER

Further, based on the foregoing, and all of the files, records, and proceedings herein **IT IS HEREBY ORDERED**:

1. The application to proceed *in forma pauperis* of Plaintiff Dakota Kalob Medicine, [Docket No. 2], is **GRANTED**;

2. Plaintiff must submit a properly completed Marshal Service Form (Form USM-285) for each remaining defendant: Simcha Gavzy, Brandon Sell, and Blake Richert— Marshal Service Forms will be provided to Plaintiff by the Court;

3. If Plaintiff does not complete and return the Marshal Service Forms within thirty (30) days of this Order, it will be recommended that this matter be dismissed without prejudice for failure to prosecute;

4. After the return of the completed Marshal Service Forms, the Clerk of Court is directed to seek waiver of service from the following defendants consistent with Rule 4(d) of the Federal Rules of Civil Procedure: Simcha Gavzy, Brandon Sell, and Blake Richert;

5. If a defendant fails without good cause to sign and return a waiver within thirty (30) days of the date that the waiver is mailed, the Court will impose upon that defendant the expenses later incurred in effecting service of process—absent a showing of good cause, reimbursement of the costs of service is mandatory and will be imposed in all cases in which a defendant does not sign and return a waiver of service form; and

6. Plaintiff must pay the unpaid balance of $350.00 of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Plaintiff is confined.

Dated: April 25, 2023                     s/Leo I. Brisbois
                                          Hon. Leo I. Brisbois
                                          United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).