UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dakota Kalob Medicine,  Case No. 22-cv-2953 (NEB/LIB)

    Plaintiff,

v.  **REPORT AND RECOMMENDATION**

Pine County Sheriff's Office, et al.,

    Defendants.

    This matter came before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court pursuant to a general assignment made in accordance with the provisions of Title 28 U.S.C. 636.

    Plaintiff commenced this action by filing his Complaint. [Docket No. 1]. Plaintiff's Complaint named as defendants the Pine County Sheriff's Office, Simcha Gavzy, Brandon Sell, Blake Richert, and James R. Reiser. (Compl. [Docket No. 1]). Plaintiff did not pay the filing fee for this action; instead, he sought permission to proceed in forma pauperis. (IFP App. [Docket No. 2]). At the time he initiated this action, Plaintiff was in custody at the Pine County jail located in Pine City, Minnesota. (See Compl. [Docket No. 1] at 2).

    Shortly after Plaintiff filed his Complaint, the undersigned issued an Order informing Plaintiff that his IFP application failed to provide necessary financial documentation from his jail trust account showing the average deposit to and balance of his trust accounts for the six months preceding the filing of this action. (Order [Docket No. 3]). Plaintiff was provided thirty days in which to submit the missing documentation. (Id.). The Court also informed Plaintiff that a preliminary review of his Complaint showed that Plaintiff's Complaint suffered from flaws related to his misjoinder of defendants and claims. (Id. at 3–4) (citing and discussing Rule 20 of

the Federal Rules of Civil Procedure). The Court's Order encouraged Plaintiff to consider carefully which claims and defendants he intended to include within this lawsuit and which he intended to jettison as improperly joined under Rule 20.

Thereafter, Plaintiff submitted additional information related to his jail trust account. [Docket Nos. 4, 5]. Plaintiff did not, however, provide any indication as to which of the improperly joined claims or defendants, if any, he wished to voluntarily remove from the present action.

On February 10, 2023, the undersigned issued an Order again explaining to Plaintiff the joinder flaws in his Complaint. (Order [Docket No. 6]). As the Court explained to Plaintiff, his "Complaint runs afoul of Rule 20 because of the four causes of action" contained in his Complaint "only three concern the same set of circumstances: namely, [his] arrest and the subsequent criminal proceedings. The fourth cause of action concerns an entirely separate event—[his] pretrial detention at the Pine County jail—and names a defendant completely unrelated to [his] arrest," Defendant Reiser. (Id. at 3). The Court provided Plaintiff with thirty days in which to submit an amended complaint consistent with this Court's instructions and Rule 20. (Id.). The Court forewarned Plaintiff that if he failed to comply with the Court's directive to submit an amended complaint in the time permitted, then the Court would address the joinder issue sua sponte consistent with the Federal Rules of Civil Procedure. (Id. at 4).[1]

After Plaintiff failed to submit an amended complaint as ordered, the Court conducted a prescreening review of Plaintiff's original Complaint pursuant to 28 U.S.C. § 1915(A). As a

---

[1] The Court's February 10, 2023, Order was mailed to Plaintiff at the address he provided. That mailing was, however, returned to the Court as undeliverable. No forwarding address was provided with the returned mail. As observed above, Plaintiff was in custody at the Pine County jail at the time he initiated this action. Publicly available state court records show that he was released on or about December 6, 2022, although there is now an active warrant for his arrest. See State of Minnesota v. Dakota Kalob Medicine, 58-CR-20-1080 (Minn. Dt. Ct.) (MCRO) (last accessed June 23, 2023). Contrary to his obligation as a party before this Court, Defendant has not provided any updated address or contact information.

result of said review, the undersigned recommended the dismissal of Plaintiff's claims as alleged against Defendants Pine County Sheriff's Office and James Reiser. (Report and Recommendation [Docket No. 8]). The undersigned's recommendation of dismissal of Plaintiff's claims as alleged against Defendants Pine County Sheriff's Office and James Reiser was based on the Court's conclusion that, as to these two defendants, Plaintiff's Complaint failed to state a claim upon which relief may be granted. (Id.).

As for the three remaining defendants named in Plaintiff's Complaint,[2] the Court granted Plaintiff's request to proceed in forma pauperis in an Order dated April 25, 2023. (Order [Docket No. 7]). In its April 25, 2023, Order, the Court directed Plaintiff to submit a properly completed Marshal Service Form for each remaining defendant within thirty days of that Order's date. (Id.). The Court informed Plaintiff that a Marshal Service Form would be provided for him to complete. (Id.). The Court forewarned Plaintiff that if he failed to submit the Marshal Service Forms within the time permitted, it would be recommended that this action be dismissed for failure to prosecute. (Id.).[3]

Despite the passage of nearly two months now, Plaintiff has failed to provide the Court with any properly completed Marshal Service Form for any defendant, nor with any updated, current information on his own whereabouts. As noted above, failure to provide the Marshal Service Forms in the time permitted, now allows the undersigned to recommend dismissal of this case for failure to prosecute. Moreover, Plaintiff has failed to take any action whatsoever in this case for well more than six months.

---

[2] At the time of the Court's April 25, 2023, Order, the three remaining defendants were Simcha Gavzy, Brandon Sell, and Blake Richert.
[3] The Court was unable to mail a copy of this Order to Plaintiff because he continued to fail in his duty to provide the Court with any accurate address or contact information.

Consequently, the Court finds that Plaintiff has failed to abide by the terms of the Court's April 25, 2023, Order. [Docket No. 7]. This represents a sufficient basis to dismiss Plaintiff's Complaint alleged against the remaining defendants.

The fact that Plaintiff may not have received notice of this Court's February 10, 2023, Order or the Court's April 25, 2023, Order does not alter this Court's recommendation of dismissal because Plaintiff's conduct throughout the course of this litigation has demonstrated a recurring failure in the present case of his duty as a party to keep the Court apprised of his current address and contact information. Despite the passage of more than six months since his last change in address, Plaintiff has failed to provide this Court with any update whatsoever as to his contact information or address. It is Plaintiff's obligation to actively prosecute his case and to keep the Court informed at all times of his then current address and contact information so that he may receive correspondence from this Court. See, e.g., Tandoh v. Virginia Police Dep't, No. 22-cv-1981 (WMW/LIB), 2022 WL 18135246, at *1 (D. Minn. Sept. 28, 2022), report and recommendation adopted, 2023 WL 112701 (D. Minn. Jan. 5, 2023); Hogquist v. Anoka Cty. Dist. Courts, No. 19-cv-2471 (WMW/KMM), 2019 WL 6874709, at *1, n.1 (D. Minn. Dec. 17, 2019); Beaker v. Pro-Staff, No. 17-cv-77 (WMW/TNL), 2017 WL 4570774, at *1 n.1 (D. Minn. Oct. 12, 2017); Heiderscheid v. Purdy, No. 18-cv-2677 (PJS/DTS), 2019 WL 4394850 (D. Minn. Aug. 22, 2019).

"Courts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached." Grant v. Astrue, No. 9-cv-2818 (DWF/JSM), 2010 WL 3023915, at *2 (D. Minn. July 13, 2010) (citing Fate v. Doe, No. 7-cv-9256, 2008 WL 1752223, at *2 (S.D.N.Y. Apr. 16, 2008); Passe v. City of New York, No. 2-cv-6494, 2009 WL 290464, at *4 (E.D.N.Y.

4

Jan. 5, 2009) (holding that plaintiff is responsible for failure to receive communications due to plaintiff's failure to provide the court with updated and correct contact information); Abraham v. Singh, No. 4-cv-44, 2005 WL 2036887 at, *2 (E.D.La. July 27, 2005) (noting that plaintiff's inaccessibility and failure to update his address suggest a failure to prosecute his case)), report and recommendation adopted, 2010 WL 3023661 (D. Minn. Aug. 2, 2010); Tandoh, 2022 WL 18135246, at *1. A court is permitted to dismiss an action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure "[i]f the plaintiff fails to prosecute or to comply with" the Federal Rules of Civil Procedure "or a court order." Fed. R. Civ. P. 41(b). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power.'" Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962).

In the present case, despite Orders of this Court, it has been over six months since Plaintiff took any action whatsoever in the present case, and it has likewise been more than six months since Plaintiff changed addresses without providing the Court with any updated information as to his address or means of contacting him. Plaintiff's inaction has unnecessary delayed this case. The record contains no indication that Plaintiff's lack of attention to this case is anything other than a clear abandonment of this case and a failure to prosecute. This likewise represents a sufficient, independent basis to dismiss Plaintiff's Complaint as alleged against all of the Defendants.

Accordingly, the Court recommends that Plaintiff's Complaint as alleged against Defendants Gavzy, Sell, and Richert be dismissed for Plaintiff's failure to comply with the Court's April 25, 2023, Order, [Docket No. 7], and for lack of prosecution.[4]

---

[4] See also, Report and Recommendation, [Docket No. 8], as to disposition of the Complaint as alleged against Defendants Pine County Sheriff's Office and James Reiser.

Based on the foregoing and all of the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Plaintiff's Complaint as alleged against Defendants Gavzy, Sell, and Richert be **DISMISSED without prejudice**[5] for Plaintiff's failure to comply with the Court's April 25, 2023, Order, [Docket No. 7], <u>and</u> for a clear lack of prosecution.

Dated:  June 27, 2023    s/Leo I. Brisbois
　　　　　　　　　　　　　　　　　　　　Hon. Leo I. Brisbois
　　　　　　　　　　　　　　　　　　　　U.S. MAGISTRATE JUDGE


# N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

---

[5] Unless the Court specifically orders otherwise, a dismissal pursuant to Rule 41(b) is considered to be a dismissal with prejudice. Fed. R. Civ. P. 41(b). The Eighth Circuit Court of Appeals, however, has cautioned against dismissing a claim with prejudice pursuant to Rule 41(b) unless there has been "willful disobedience of a court order or continued or persistent failure to prosecute a complaint." <u>Given v. A.H. Robins Co., Inc.</u>, 751 F.2d 261, 263 (8th Cir. 1984). Instead, a court should "consider whether a less severe sanction could remedy the effect of the litigant's transgressions." <u>Hunt v. City of Minneapolis</u>, 203 F.3d 524, 527 (8th Cir. 2000). This is not to say that the Court must find that the litigant "acted in bad faith, but requires 'only that he acted intentionally as opposed to accidentally or involuntarily.'" <u>Hunt v. City of Minneapolis</u>, 203 F.3d 524, 527 (8th Cir. 2000) (quoting <u>Rodgers v. Univ. of Missouri</u>, 135 F.3d 1216, 1219 (8th Cir. 1998)). However, neither prior warning nor admonition to a litigant is required before a Court may dismiss said litigant's action sua sponte. <u>Hunt v. City of Minneapolis</u>, 203 F.3d 524, 527 (8th Cir. 2000); see <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629 (1962). In the present case, the Court cannot definitively conclude that Plaintiff's conduct was willful disobedience. Thus, the Court recommends the less severe sanction of dismissal without prejudice.